OPINION OF THE COURT
David B. Saxe, J.
Jose Velez, the respondent in this proceeding, has automobile insurance with the Travelers Indemnity Company (Travelers). Early one summer morning in the vicinity of Mt. Eden Avenue and 174th Street in The Bronx, Mr. Velez was pulled from his parked car by certain unknown ruffians who attempted to steal the vehicle. He claims that he was thrown on the hood of his car and beaten; that in furtherance of the theft, the assailants drove the car away with Mr. Velez hanging on to it being dragged and when he could no longer hold on, the car went over his left foot and ankle.
It is Mr. Velez’s principal contention that his injuries resulted from the fact that he was run over by a stolen vehicle (his) — which was taken without the owner’s consent (his) and therefore it was uninsured at the time of this accident — thus entitling him to coverage under the “hit and run” provisions in his policy with Travelers.
There is no question as Mr. Velez points out that if he had been a pedestrian crossing the street when struck by a stolen vehicle not owned by him, the petitioner would have been required to compensate him for his injuries under his *227 policy with them. So he argues, the fact that the vehicle in question belonged to him (though stolen at the applicable time in question), should not produce a different result.
The Travelers disagrees and has timely moved to stay the arbitration demanded by the respondent. They claim that the policy in question issued to Mr. Velez precludes recovery by him on the basis of the facts in this case.
The uninsured motorist endorsement which is required by law to be included in every automobile liability insurance policy issued in New York (and which, of course, was featured in Mr. Velez’s policy with the Travelers) states that: “The term ‘hit and run automobile’ means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident provided there cannot be ascertained the identity of either the operator or the owner of such ‘hit and run vehicle(Emphasis supplied.)
A “court must endeavor to give contracts a fair and reasonable interpretation where the contract is definite, unambiguous, and expresses in plain terms the undertaking of each party and the mutual intention existing between them.” (22 NY Jur 2d, Contracts, § 194, p 33.)
The quoted section of the insurance policy indicates, without a doubt, that a vehicle is not a “hit and run” automobile within the meaning of the policy if the identity of either the owner or the driver is known. On the facts here, the owner is ascertainable because the owner is Mr. Velez himself. That being so, “hit and run” benefits cannot be sought. And, it is irrelevant that the identity of the operator of Mr. Velez’s vehicle is not known.
Since Mr. Velez cannot collect benefits from the Travelers under a “hit and run” coverage, his only recourse is to sue the Motor Vehicle Accident Indemnity Corporation for benefits.
The petition is granted.